# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| PNC BANK, NA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-1451 |
| | ) | |
| MICHAEL A. NORDWALL and | ) | |
| MICHAEL A. NORDWALL, Ltd., | ) | |
| | ) | |
| Defendants, and | ) | |
| | ) | |
| CHARLES E. COVEY, Trustee | ) | |
| | ) | |
| Intervenor. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Intervenor Charles E. Covey, Bankruptcy Trustee's (Trustee) Motion to Dismiss Defendant, Michael A. Nordwall (d/e 32) (Motion 32), and Motion for Leave to File Counterclaim Against Plaintiff, PNC Bank, National Association (PNC) (d/e 33) (Motion 33); and Plaintiff PNC's Rule 55 Motion for Default Judgment (d/e 11) (Motion 11), Motion for Judgment of Foreclosure and Sale (d/e 12) (Motion 12), Motion to Appoint Special Commissioner (d/e 13) (Motion 13), Petition and Affidavit

of Attorney's Fees and Court Costs (d/e 14) (Motion 14), and Motion for Entry of Orders of Default and Judgment of Foreclosure and Sale (d/e 20) (Motion 20).  For the reasons set forth below, the Court recommends that Motion 33 be allowed, Motion 32 be denied, Motion 11 be allowed in part, and Motions 12, 13, 14, and 20 be denied as premature.

## STATEMENT OF FACTS

On November 7, 2005, the National City Bank of the Midwest (National City) loaned Michael A. Nordwall (Debtor) $435,000.00 evidenced by a promissory note.  To secure the loan, the Debtor granted to National City a mortgage on a piece of commercial property with a common address of 910 W. Glen Avenue, Peoria, Illinois  61614 (the Property).  <u>Complaint (d/e 1)</u>, Group Exhibit B, <u>Promissory Note dated November 7, 2005, and Modification Agreement dated November 1, 2010 (Note)</u>, and Exhibit C, <u>Mortgage dated November 7, 2005 (Mortgage)</u>.  PNC is the successor interest to National City.  <u>Complaint</u>, Exhibit A, <u>Letter from the Comptroller of the Currency dated November 6, 2009</u>.

On March 2, 2011, the Debtor filed for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Central District of Illinois.  <u>In re Charles Nordwall</u>.  Bankr. Ct. C. D. Ill. Case 11-80470.  The Debtor received a discharge in bankruptcy on June 7, 2011.  On September 7, 2011, Richard

E. Barber, the Bankruptcy Trustee at the time, filed a Report of No Receipts or Disbursements.  <u>PNC's Response in Opposition to the Trustee's Motion for Leave to File a Counterclaim (d/e 36) (Response to Motion 33)</u>, at 1-2.

On December 14, 2011, PNC filed this action to foreclose the Mortgage.  On March 8, 2012, PNC filed a motion in the Debtor's bankruptcy to annul the automatic stay to allow this matter to proceed.  <u>See</u> 11 U.S.C. § 362(d).  On April 23, 2012, the Bankruptcy Court entered an Agreed Order Annulling Automatic Stay.  <u>Response to Motion 33</u>, Exhibit A, <u>Agreed Order</u>.  The Agreed Order authorized the Trustee to file the Adversary Complaint within 90 days.

On May 11, 2012, the Trustee commenced an adversary proceeding (Adversary Proceeding) against PNC in the Debtor's bankruptcy by filing an Adversary Complaint (Adversary Complaint).  The Adversary Complaint alleged that the Mortgage is avoidable by the Trustee pursuant to 11 U.S.C. § 544.  Section 544 authorizes the Trustee to avoid any lien that would be avoidable by either a judgment lien creditor or a bona fide purchaser of real estate as of the date of the filing of the bankruptcy. 11 U.S.C. § 544(a).  The Trustee alleged that the Mortgage is avoidable under this provision because the Mortgage does not comply with the form of mortgage required by Illinois law, specifically 765 ILCS 5/11.  <u>Answer to</u>

Complaint and Affirmative Defenses (d/e 23), Exhibit A, In re Charles Nordwall. Bankr. Ct. C. D. Ill. Case 11-80470, Covey v. PNC Bank, NA, Adversary Proceeding No. 12-08028, Adversary Complaint (Adversary Complaint), ¶ 11.

The Trustee prayed in the Adversary Complaint that the Mortgage be set aside pursuant to § 544 and that the mortgage lien be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551. Section 551 states that a transfer (such as the lien granted by the Mortgage) that is avoided under § 544 is preserved for the benefit of the bankruptcy estate.

On June 22, 2012, PNC filed Motions 11, 12, 13, and 14. These motions sought default judgment against the Debtor and the Debtor's corporation Michael A. Nordwall, Ltd.; judgment of foreclosure; appointment of a special commissioner to conduct the foreclosure sale; and an award of attorney fees and costs.

On July 9, 2012, the Trustee moved to intervene in this proceeding. Motion for Entry of Order Allowing Motion to Intervene (d/e 19). On August 21, 2012, PNC filed Motion 20. Motion 20 again sought default judgment and judgment of foreclosure.

On August 22, 2012, this Court allowed the Trustee to intervene. Text Order entered August 22, 2012.  The Court directed PNC to file a status report.

On September 6, 2012, the Trustee filed his Answer and Affirmative Defenses (d/e 23) (Answer) in this case.  The Trustee raised as an affirmative defense his position in the Adversary Proceeding that the Mortgage was avoidable under § 544 of the Bankruptcy Code.  The Trustee incorporated by reference the allegations in the Adversary Complaint into the Answer to support the affirmative defense.  Answer, at 2-3.  The Trustee prayed in the Answer that this proceeding be stayed pending the resolution of the Adversary Proceeding.  If he prevailed in the Adversary Proceeding, the Trustee prayed that this action be dismissed.  Answer, at 3-4.

On September 18, 2012, PNC filed a Status Report (d/e 25).  Based on the status report, the Court directed PNC to file a motion for summary judgment by October 5, 2012.  On October 4, 2012, PNC filed another Status Report (d/e 29) to notify the Court that the Bankruptcy Court reinstituted the automatic stay with respect to this action.  This Court then stayed this proceeding.  Text Order entered September 19, 2012.

On October 30, 2012, the Bankruptcy Court lifted the automatic stay and stayed the Adversary Proceeding pending the resolution of this action. <u>Motion 33</u>, Exhibit A, <u>Bankruptcy Order entered October 30, 2012</u>.

On November 12 and 13, 2012, the Trustee filed Motions 32 and 33. The Trustee asked the Court to dismiss the Debtor and asked the Court for leave to file a counterclaim against PNC. The proposed counterclaim alleged the same claim as the Adversary Complaint and sought the same relief, avoidance of the Mortgage and preservation of the mortgage lien for the benefit of the estate. PNC has opposed both motions.

## ANALYSIS

The Court will address the Trustee's Motions first. Motion 32 asks for dismissal of the Debtor as a party. The Trustee is the real party in interest because, as trustee of the Debtor's bankruptcy, the Trustee controls and manages the property of the bankruptcy estate. 11 U.S.C. §§ 323, 704. The Debtor owned the Property on the date of filing; therefore, the Property is property of the estate under the control of the Trustee. 11 U.S.C. § 541. Normally the Trustee should be substituted in as the defendant since he is the real party in interest. Fed. R. Civ. P. 17. In this diversity case, however, the Illinois Mortgage Foreclosure Law controls the proceeding. The Illinois Mortgage Foreclosure Law states that the mortgagor is a

necessary party.  735 ILCS 5/15-1501(a).  The Debtor is the mortgagor; he therefore is a necessary party to effectuate the foreclosure, should PNC prevail.  PNC seeks no deficiency judgment against the Debtor because he received a discharge in bankruptcy.  <u>Complaint</u> ¶ 15(M).  The Debtor only remains in the case as a necessary party for the foreclosure.  Motion 32 should be denied.

The Trustee seeks permission in Motion 33 to file a counterclaim.  The proposed counterclaim seeks to avoid the Mortgage under 11 U.S.C. § 544 and preserve the mortgage lien for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.  PNC moves to dismiss on the grounds that the counterclaim is merely redundant and duplicative of the Trustee's affirmative defense.  Counterclaims that merely restate an affirmative defense or seek the opposite effect of the complaint are redundant and should not be allowed.  <u>See</u> <u>e.g.</u>, <u>Lincoln Nat. Corp. v. Steadfast Ins. Co.</u>, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006).

In this case, the Trustee's counterclaim seeks more than the opposite effect of the Complaint and more than the affirmative defense.  The Complaint seeks foreclosure of the Mortgage and sale of the Property.  The Trustee's affirmative defense asks for dismissal of this action.  The Trustee's proposed counterclaim seeks to avoid the Mortgage and

preserve the mortgage lien for the benefit of the bankruptcy estate. Thus, the Trustee seeks to acquire PNC's mortgage lien for the benefit of the bankruptcy estate. This will improve the Trustee's priority with respect to the Property. He will no longer be in the Debtor's position on the date of filing; he will be in the position of the first mortgage holder with the mortgage holder's priority over other claimants to the Property. Because the counterclaim seeks additional relief, it is not redundant or duplicative. Allowing the Trustee to file the counterclaim will also promote judicial economy because the entire matter will be resolved in one proceeding. The Court should, therefore, allow Motion 33.

PNC's Motion 11 seeks a default judgment against the Debtor and his corporation Michael A. Nordwall, Ltd. The Trustee is the party authorized to represent the Debtor's interest in the Property. 11 U.S.C. § 323. The Trustee has appeared in the case and has answered. The Debtor, therefore, should not be defaulted. The Debtor's corporation, however, has been properly served and has not appeared. <u>Motion 11</u>, Exhibit B, <u>Certificate of Service</u>. The Debtor's corporation may be an asset of the bankruptcy estate, but is not the debtor in bankruptcy. The Trustee has not appeared on behalf of the corporation or otherwise caused the corporation to appear. Defendant Michael A. Nordwall, Ltd., therefore, is in default.

The Court recommends that Motion 11 be allowed in part.  PNC should be granted a default judgment against Michael A. Nordwall, Ltd., but not the Debtor personally.  The Court notes that PNC does not seek a deficiency judgment against Michael A. Nordwall, Ltd.  Complaint ¶ 15(M).

PNC's remaining motions, Motions 12, 13, 14, and 20, all either seek a foreclosure judgment or relief that is appropriate after a foreclosure judgment has been entered.  The Trustee's affirmative defense and counterclaim must be resolved before the issue of foreclosure can be addressed.  The Court, therefore, recommends that Motions 12, 13, 14 and 20 be denied as premature.  Should PNC prevail on the Trustee's affirmative defense and counterclaim, it may then renew these motions.

WHEREFORE this Court recommends that the Motion of Intervenor Charles E. Covey, Bankruptcy Trustee, for Leave to File Counterclaim against Plaintiff, PNC Bank, National Association (d/e 33) should be ALLOWED.  The Trustee's Motion to Dismiss Defendant, Michael A. Nordwall (d/e 32) should be DENIED; Plaintiff PNC Bank, National Association's Rule 55 Motion for Default Judgment (d/e 11) should be ALLOWED in part and DENIED in part; Plaintiff's Motion for Judgment of Foreclosure and Sale (d/e 12), Motion to Appoint Special Commissioner (d/e 13), Petition and Affidavit of Attorney's Fees and Court Costs (d/e 14),

and Motion for Entry of Orders of Default and Judgment of Foreclosure and Sale (d/e 20) should all be DENIED at this time as premature.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See <u>Local Rule</u> 72.2.

Enter:    December 13, 2012

                                                    <u>*s/ Byron G. Cudmore*</u>
                                                    UNITED STATES MAGISTRATE JUDGE